# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MRS. RESSLER'S FOOD PRODUCTS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**KZY LOGISTICS, LLC; LONGITUDE TRUCKING and/or LONGITUDE LOGISTICS, LLC,** *et al.*,<br><br>**Defendants.** | Civ. No. 2:17-02013<br><br><br>**OPINION** |
| **KZY LOGISTICS, LLC,**<br><br>**Third-Party Plaintiff,**<br><br>v.<br><br>**BLUE GRACE LOGISTICS; NATIONAL LIABILITY & FIRE INSURANCE COMPANY,**<br><br>**Third-Party Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Mrs. Ressler's Food Products ("Ressler") brings this action against KZY Logistics, LLC ("KZY") and Longitude Logistics, LLC ("Longitude") (collectively "Defendants"), alleging alternative claims of breach of contract, negligence and disregard of duties and obligations under the Carmack Amendment, 49 U.S.C. § 11706, *et seq.*, in connection with the spoliation of a food products shipment. KZY brings a cross-claim against Longitude, a counterclaim against Ressler, and a third-party action against Blue Grace Logistics ("Blue Grace"), National Liability & Fire Insurance Company ("Insurer") and Thermo King Corporation ("Thermo") (collectively "Third-Party Defendants"), alleging that they are primarily responsible for Ressler's loss. This matter comes before the Court on Blue Grace's motion to dismiss KZY's third-party complaint under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Blue Grace's motion to dismiss is **GRANTED**.

## I.    BACKGROUND

Ressler is a manufacturer of deli food products with its principal place of business in Philadelphia, Pennsylvania.  Compl. ¶ 1, ECF No. 1.  KZY is a common motor carrier incorporated in New Jersey, with its principal place of business in Fairfield, New Jersey.  *Id*. at ¶ 2.  Longitude is a common motor carrier incorporated in California, with its principal place of business in Anaheim Hills, California.  *Id*. at ¶ 3.  Blue Grace is a broker of motor carrier services with business across the United States.  Mem. of Law in Supp. of Mot. to Dismiss ("Blue Grace's Mot.") 2, ECF No. 21.

Ressler alleges that it retained Blue Grace to coordinate a shipment of its food product from Pennsylvania to California in March 2015.  Compl. at ¶ 7.  Blue Grace then retained Longitude to ship the product.  Longitude, in turn, retained KZY to ship the product.  *Id*. at ¶¶ 8–9.  Ressler alleges that KZY understood that the shipment required special arrangements to ensure proper delivery.  *Id*. at ¶ 10.  Nonetheless, on March 17, 2015, Ressler's shipment arrived in California over the proper temperature, the sole responsibility of which belonged to KZY.  *Id*. at ¶ 11.  Ressler's customer rejected the shipment, which was returned to Ressler and subsequently destroyed, resulting in a loss of $69,992.96.  *Id*. at ¶¶ 13–15.

Ressler sues KZY and Longitude for recovery of that loss pursuant to the Carmack Amendment.  *Id*. at ¶ 18.  In response, KZY denies liability, cross-claims that Longitude is primarily liable, counterclaims that Ressler was unjustly enriched by KZY's completion of delivery, and alleges third-party claims against Insurer, Blue Grace and Thermo.  *See* First Am. Answer; Crossclaim; Counterclaim & Third Party Compl. ("KZY Compl."), ECF No. 14.  KZY alleges, in part, that Blue Grace scheduled and coordinated the delivery of the shipment and it, therefore, received a benefit when KZY completed delivery without compensation.  *See id*. at 6 (¶¶ 3–5).

Blue Grace now moves to dismiss KZY's third-party claim against it, arguing that KZY failed to state a claim and, in the alternative, that federal law preempts KZY's claim.  *See* Blue Grace's Mot. at 1.  Specifically, Blue Grace makes three arguments: (1) KZY's complaint lacks the requisite particularity under federal pleading standards, *id*. at 5–6; (2) KZY's unjust enrichment claim fails because there was no direct relationship between KZY and Blue Grace, from which Blue Grace derived a benefit, *id*. at 9[1]; and (3) the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1), and the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C. § 14501(b), preempt KZY's state-law quasi-contract claim, *id*. at 10–13.

In response, KZY filed a terse, one-page opposition, in which it inexcusably cites no law or relevant precedent.  *See* Mem. of Law in Supp. of KZY's Opp'n ("KZY's Opp'n"), ECF No. 22.  KZY conclusively states that Blue Grace derived a benefit from

---

[1] The Court does not address Blue Grace's breach of contract argument because KZY clarified in its opposition that its claim against Blue Grace is for unjust enrichment only.

KZY's delivery and that "it is of no consequence that the contract was not directly with KZY and Blue Grace, nor that Longitude was not allowed to contract out to KZY." *Id*. Furthermore, KZY claims that Blue Grace's motion is premature because KZY believes that Blue Grace did not pay Longitude for the delivery and because Longitude has not yet filed an answer to the original complaint. *Id*. KZY did not address Blue Grace's federal preemption argument. *Id*.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id*.

## III.    DISCUSSION

The Court will first address generally the federal preemption provisions found in the FAAAA and the ICCTA. The Court will then turn to Blue Grace's preemption argument. In addition, the federal preemption provision of the Carmack Amendment compels further consideration of Ressler's apparent breach of contract and negligence claims. The Court ultimately concludes that federal law preempts KZY's unjust enrichment claim and Ressler's claims sounding in breach of contract and negligence.

### A.  Federal Preemption Under the ICCTA and FAAAA

Congress enacted the ICCTA and FAAAA to preempt state regulation of the trucking industry. *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 367–68 (2008). The ICCTA provides that "no State . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or broker." *See* 49 U.S.C. § 14501(b)(1). The FAAAA similarly provides that "a State . . . may not enact or enforce a

law, regulation, or other provision having the force and effect of law related to a price, route or service of any motor carrier . . . or any motor private carrier, broker, or freight forwarder with respect to the transportation of property." *See* § 14501(c)(1). These preemption provisions borrow language from the Airline Deregulation Act ("ADA"), which Congress enacted to preempt state regulation of the airline industry. *See Rowe*, 552 U.S. at 368. Consequently, the Supreme Court has interpreted the preemptive scope of the ICCTA and FAAAA in accordance with that of the ADA. *See id.* at 370–77 (interpreting the FAAAA's preemptive scope by following the Supreme Court's reasoning established in *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992), which addressed the ADA's preemptive scope).

The preemptive reach of the ICCTA and FAAAA is broad, but not without limits. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1051 (7th Cir. 2016) (citing *Morales*, 504 U.S. at 383–84, 386, 390, and *Rowe*, 552 U.S. at 371). Of particular relevance to the instant case, these laws do not preempt routine breach-of-contract claims based on state law. In *American Airlines, Inc. v. Wolens*, the Supreme Court determined that the ADA does not preempt a breach-of-contract claim because it seeks recovery solely for the contracting party's breach of its "own, self-imposed undertakings." *See* 513 U.S. 219, 228 (1995). The Court distinguished a breach-of-contract claim from other state-based tort claims because a breach-of-contract claim, by its very nature, does not allege a "violation of state-imposed obligations" and, therefore, does not amount to "a State's enact[ment] or enforce[ment] [of] any law, rule, regulation, standard, or other provision." *See id.* at 228–29 (internal quotation and citation omitted). Rather, "[a] remedy confined to a contract's terms simply holds parties to their agreements . . . ." *Id.* Thus, the ADA does not preempt a breach-of-contract claim because it confines a court "to the parties' bargain, with no enlargement or enhancement based on state laws or policies external to the agreement." *See id.* at 233. In *Northwest, Inc. v. Ginsberg*, the Supreme Court advanced its reasoning from *Wolens* when it determined that state-based law "will escape preemption only if the law of the relevant State permits [a party] to contract around those rules in its . . . agreement . . . ." *See* 134 S. Ct. 1422, 1433 (2014).

Following the *Wolens* Court's reasoning, other district courts have subsequently held that the ICCTA and FAAAA preempt state-based tort claims, including unjust enrichment, but not breach-of-contract claims. *See, e.g.*, *Frey v. Bekins Van Lines, Inc.*, 802 F. Supp. 2d 438, 442 (E.D.N.Y. 2011) (finding that the ICCTA preempted all of plaintiff's non-contractual state law statutory and tort claims, including unjust enrichment); *Mastercraft Interiors, Ltd. v. ABF Freight Sys., Inc.*, 284 F. Supp. 2d 284, 288 (D. Md. 2003) (finding that the ICCTA preempted all of plaintiff's non-contractual claims, including unjust enrichment, but not plaintiff's breach-of-contract claim); *Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F. Supp. 665, 672–73 (N.D. Ga. 1997) (finding that the FAAAA preempted all of plaintiff's non-contractual claims, including unjust enrichment, but not plaintiff's breach-of-contract claim).

The Sixth Circuit recently considered whether the FAAAA preempts unjust enrichment claims advanced under a quasi-contractual theory. In *Solo v. United Parcel*

*Serv. Co.*, plaintiffs brought breach-of-contract and unjust enrichment claims against defendant as related to the overcharging of customers for liability coverage of shipped packages. *See* 819 F.3d 788, 791–92 (6th Cir. 2016). Plaintiffs' primary claim was for breach of contract, but they argued unjust enrichment in the alternative. *See id*. at 794–96. Specifically, plaintiffs alternatively sought unjust enrichment "to the extent customers who ship via [defendant] through a third party retailer or other Authorized Outlet lack contractual privity with [defendant]." *Id*. at 796 (internal quotation omitted). The Sixth Circuit reasoned that "[t]he doctrine of unjust enrichment does not synonymously apply to all contracts as a matter of state policy." *Id*. at 798. "Instead, unjust enrichment serves to 'effectuate the intentions of parties or to protect their reasonable expectations,' and thus looks to the particular parties to a transaction rather than a universal, state imposed obligation." *Id*. (quoting *Northwest*, 134 S. Ct. at 1433). Consequently, the Sixth Circuit held that the FAAAA does not preempt quasi-contractual unjust enrichment claims because such claims only seek "the aid of the court to 'hold[] parties to their agreements . . . .'" *Id*. (quoting *Wolens*, 513 U.S. at 229).

This Court acknowledges the Sixth Circuit's sound reasoning but declines to adopt it to the instant case. Specifically, the Court finds that the ICCTA and FAAAA preempt quasi-contractual unjust enrichment claims where the specific agreement entered into by the parties includes a provision prohibiting further subcontracting of the performance governed by that agreement. To conclude otherwise would result in an impermissible enlargement of the parties' self-imposed obligations based on state policies external to the agreement. *See Wolens*, 513 U.S. at 233.

### B. KZY's Unjust Enrichment Claim is Preempted Because It Expands the Scope of the Parties' Private Obligations

KZY's unjust enrichment claim against Blue Grace is quasi-contractual in nature. "Recovery on the theory of quasi-contract was developed under the law to provide a remedy where none existed." *Callano v. Oakwood Park Homes Corp.*, 219 A.2d 332, 335 (N.J. Super. Ct. App. Div. 1966).[2] Hence, KZY seeks recovery from Blue Grace for its performance despite the absence of an express contract between them. Importantly, KZY does not allege fraud, negligence or other tortious conduct against Blue Grace.

Unlike the plaintiffs in *Solo*, KZY does not allege unjust enrichment in the alternative to breach of contract because it cannot. The only express agreement before the Court is that between Blue Grace and Longitude, although it appears from the pleadings that a separate agreement exists between Longitude and KZY. *See* Blue Grace's Mot., Ex. B ("Agreement"); Compl. at ¶ 9; KZY Compl. at 2 (admitting that Longitude retained KZY to ship Ressler's goods). Blue Grace's agreement expressly states that Longitude "[w]ill not re-broker, *subcontract*, assign or interline the transportation of shipments hereunder to any other persons or entities . . . ." *See* Agreement at 1, ¶ E (emphasis added).

---

[2] The parties do not contest that the law of the forum applies in the instant case. The Court, therefore, applies New Jersey law as necessary.

The *Northwest* Court provided instructive guidance when considering whether the ADA preempted a claim of breach of the implied covenant of good faith and fair dealing. Notably, "[w]hen the law of a State does not authorize parties to free themselves from the covenant, a breach of covenant claim is pre-empted under the reasoning of *Wolens*." *Northwest*, 134 S. Ct. at 1432. In other words, the parties must be allowed to contract around state-law based claims and, if not, then those claims are preempted. *See id*. at 1433.

In the instant case, Blue Grace entered into a contract that expressly prohibits the subcontracting of the delivery of Ressler's shipment. Yet, that is exactly what Longitude did. The subject of Longitude's breach of contract, KZY, now attempts to employ state law to recover from Blue Grace in direct contradiction of the express terms of the agreement. Enabling KZY to recover from Blue Grace under a state-law claim of unjust enrichment despite the unequivocal contractual language to the contrary can only be viewed as an "enlargement or enhancement" of that contract "based on state laws or policies external to the agreement." *See Wolens*, 513 U.S. at 233. Accordingly, the Court finds that the FAAAA and ICCTA preempt KZY's unjust enrichment claim and it is, therefore, **DISMISSED WITH PREJUDICE**.

### C. Plaintiff's Claims Sounding in Breach of Contract and Negligence Are Preempted by the Carmack Amendment

While on the subject of federal preemption, the Court is compelled to consider *sua sponte* whether the Carmack Amendment preempts any of the claims advanced in Ressler's complaint. Ressler alleges one count against Longitude and KZY, but that count ostensibly carries three alternative modes of recovery. Ressler complains that its losses "were caused by the breach of contract *and/or* negligence, *and/or* disregard of relevant statutory obligations by defendants . . . ." *See* Compl. at ¶ 19 (emphasis added).

In the Third Circuit, "state law breach of contract and negligence claims against a carrier for loss of or damage to goods are preempted." *See Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 336 (3d Cir. 2014) (citation omitted). Consequently, the Carmack Amendment preempts any portion of Ressler's claim that sounds in breach of contract or negligence. Accordingly, the Court **DISMISSES WITH PREJUDICE** the portions of Ressler's claim that sound in breach of contract and negligence.

## IV. CONCLUSION

For the reasons stated above, Blue Grace's motion to dismiss is **GRANTED** and KZY's claim against Blue Grace for unjust enrichment is **DISMISSED WITH PREJUDICE**. Additionally, the Court **DISMISSES WITH PREJUDICE** the breach-of-contract and negligence claims in Ressler's complaint. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: September 5, 2017**